UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE PAET,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>W. REUBART, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 2:24-cv-01165-APG-NJK<br><br>**Appointment and<br>Scheduling Order** |

Petitioner Michelle Paet filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 10.  I provisionally appointed the Federal Public Defender as counsel for Paet. ECF No. 9.  The Federal Public Defender has filed a notice of conflict. ECF No. 11.

I THEREFORE ORDER that the provisional appointment of the Federal Public Defender is withdrawn.

I FURTHER ORDER that Jean Jensen Schwartzer, Esq., is appointed as counsel for Petitioner Michelle Paet pursuant to 18 U.S.C. § 3006A(a)(2)(B) starting, *nunc pro tunc*, on October 3, 2024.  Counsel will represent the Paet in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  Ms. Schwartzer's contact information is as follows:

　　Jean Jensen Schwartzer
　　Law Office of Jean J. Schwartzer
　　411 E. Bonneville Avenue
　　Suite 360
　　Las Vegas, NV 89101
　　702-979-9941
　　Email: jean.schwartzer@gmail.com

1    I FURTHER ORDER that the Clerk is directed to electronically provide Ms. Schwartzer
2 a copy of this Order and copies of all other items previously filed in this case by regenerating the
3 Notices of Electronic Filing.

4    I FURTHER ORDER that Ms. Schwartzer enter a notice of appearance within 20 days of
5 the date of this Order.

6    I FURTHER ORDER that Paet, through Ms. Schwartzer, shall have up to and including
7 90 days from entry of this Order within which to file an amended petition and/or seek other
8 appropriate relief.  Neither the foregoing deadline nor any extension thereof signifies or will
9 signify any implied finding as to the expiration of the federal limitation period and/or of a basis
10 for tolling during the time period established.  Paet remains responsible for calculating the
11 running of the federal limitation period and timely asserting claims, without regard to any
12 deadlines established or extensions granted herein.  That is, by setting a deadline to amend the
13 petition and/or by granting any extension thereof, I make no finding or representation that the
14 petition, any amendments thereto, and/or any claims contained therein are not subject to
15 dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

16    I FURTHER ORDER that the respondents file an answer to the amended petition,
17 including potentially by motion to dismiss, within 60 days of service of the amended petition and
18 that Paet may file a reply thereto within 30 days of service of the answer.  The response and
19 reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall
20 be governed instead by Local Rule LR 7-2(b).

21    I FURTHER ORDER that any procedural defenses raised by the respondents to the
22 amended petition shall be raised together in a single consolidated motion to dismiss.  In other
23 words, I do not wish to address any procedural defenses raised herein either in seriatum fashion

in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. The respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURHTER ORDER that courtesy copies ***not*** be provided.

Dated: October 4, 2024

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE